Per Curiam; :
This case was referred to Trial Commissioner Saul Richard Gamer with directions to make findings of fact and recommendation for conclusions of law. The commissioner has done so in a report and opinion filed on October 26, 1966. Defendant excepted to the recommended conclusion of law as set forth in the commissioner’s report and opinion and the case has been submitted to the court on the briefs of the parties and oral argument of counsel. Since the court agrees with the commissioner’s findings, opinion and recommended conclusion of law, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. Plaintiff is, therefore, entitled to recover and judgment is entered for plaintiff with the amount of recovery to be determined in further proceedings under Rule 47 (c) (2).
OPINION OP COMMISSIONER*
Gamer, Commissioner:
Plaintiff, an Army Reserve officer in the grade of lieutenant colonel, was transferred to the Retired Reserve but at no time thereafter has he been granted retired pay. He claims that, upon reaching the age of 60, he should have commenced receiving such pay.
When plaintiff reached the age of 55 on February 9,1959, he was, under the provisions of Public Law 85-861 of September 2, 1958, subject either to transfer to the Retired Reserve, if qualified therefor, or to discharge.[1] Plaintiff was *607 originally commissioned on September 10, 1926, and bis commission had remained in continuous effect since then.
10 U.S.C., Chapter 67, contains provisions relating to “Retired Pay for Non-Regular Service”. Section 1331 thereunder sets forth the age (at least 60) and service requirements for entitlement to retired pay for such service. Subsection (a) (2) of such section conditions such entitlement upon the performance of at least 20 years of service computed under section 1332. The latter section lists the types of service which may enter into the computation and the amounts of credit to be given for the various types of service. When plaintiff attained age 55, he had served enough years of the types or categories delineated under section 1332, and had received sufficient credits so that, as so computed, he had more than the minimum of 20 years of qualifying service for entitlement, as a Reserve officer, to retired pay when he would reach the age of 60.[2] Nevertheless, subsection *608 (a) (3) of said section 1331 would hare prevented his entitlement to retired pay because from March 21, 1950 to April 2,1953, plaintiff, although a Eeserve officer, had served as an enlisted man in the Kegular Army and this circumstance would have made it impossible for him to comply with the additional requirement of said subsection that “the last eight years of qualifying service” must not include service “while a member of a regular component”.[3] Part of plaintiff’s approximate 3 years of service in the Regular Army fell within his last 8 years. With the elimination of such “regular component” service from plaintiff’s last 8 years of other creditable or qualifying service, only the last 6 years, 3 months, and 17 days prior to February 9, 1959, could be counted under section 1331(a)(3). Accordingly, plaintiff lacked, under said section, 1 year, 8 months, and 13 days of additional time to make up “the last eight years of qualifying service” for entitlement to retired pay (when he would reach age 60).
By letter of July 28, 1960, plaintiff was advised by the Army that since he had reached, on February 9, 1959, the maximum age for retention in an active status, he had to choose either transfer to the Retired Reserve or discharge from his Reserve commission.
Another statute (10 TJ.S.C. § 1006,1958 ed.) provided that where a commissioned officer, on the date prescribed for his discharge or transfer from an active status, was entitled to be credited with at least 18 or 19 years of service, but had less than 19 or 20 such years, respectively, he could not, without his consent, be discharged or transferred until he completed 20 years of creditable service as computed under said section 1332 (or until the third anniversary of his removal date, whichever came earlier).[4] However, the Army fur- *609 tber advised plaintiff in said letter that he was not eligible for retention under such statute. The Army reasoned that this statute was inapplicable since it applied only to situations where the officer had less than 19 or 20 years of total qualifying service computed under 10 U.S.C. § 1332 whereas plaintiff had, as so computed, more than 20 years. As shown, it was the requirement, imposed by 10 TJ.S.C. § 1331 (a)(3), of performance of “the last eight years” of such service “not while a member of a regular component” which was the stumbling block.
By letter of August 17, 1960, however, plaintiff protested his proposed removal from the Active Beserve “under conditions which will make me ineligible for retired pay at age 60.” He contested the “incorrect assumption” of the Army that he had “completed over 20 years of qualifying service”, claiming that, since no part of his 3 years of Begular Army service could be counted as part of his last 8 years under section 1331, the entire total of such 3 years should also not be counted as qualifying years under section 1332. This would, he contended, leave him with more than 18 but less than 19 years of qualifying service and would thus entitle him to retention in active status until he completed 20 years. The fulfillment of this requirement would then also enable him, with the additional service to be performed, to meet the condition that he serve the last 8 years of qualifying service in nonregular service. Accordingly, plaintiff requested “that no action be taken to remove me from Active Beserve status until my service record has been reviewed.”
*610 By letter of August 19, 1960, beaded “Retention in an Active Status”, the Adjutant General advised plaintiff that no action would be taken to remove him from active status “pending further instructions from Department of the Army.” This advice was confirmed by another letter of September 30, 1960, similarly headed “Retention in the Active Reserve”, which informed plaintiff that the Deputy Assistant Secretary of the Army had “directed that no action be taken to transfer you to the Retired Reserve until a final determination has been made” and that plaintiff could “continue to attend meetings with your units of assignment and attachment until further notice.”
As a result of plaintiff’s so being permitted to remain in the Active Reserve, plaintiff continued to participate in Reserve activities after his 55th birthday. In each of the next 2 years such activities, including the performance, under competent orders, of tours of active duty, were sufficient to meet the requirements of a qualified year, so that, if countable, such time was more than sufficient to supply the aforementioned additional 1 year, 8 months, and 13 days which plaintiff had lacked on his 55th birthday to make up “the last eight years of qualifying service”, as well as to produce a total of more than 20 qualifying years under section 1332 even if his 3 years of Regular Army service is not counted.
On March 13,1962, plaintiff, then 58, and still in the grade of lieutenant colonel, was transferred to the Retired Reserve, and on October 18, 1963, plaintiff requested the necessary forms so that he could apply for retired pay benefits to commence when he would reach the age of 60 on February 9,1964. However, on November 15,1963, the Adjutant General advised plaintiff that although he had completed over 20 years of qualifying service under section 1332, he had less than 8 years of such service under section 1331(a) (3). He explained that although plaintiff had been retained in an active status “beyond your mandatory removal date, pending a decision on your case”, the service “you performed beyond the date you should have been removed from an active status cannot be credited towards your eligibility for retirement credit or pay.” Accordingly, plaintiff was informed that “it would serve no useful purpose for you to file an *611 application, as you will not be eligible for retired pay upon attaining age 60.”
The parties are in agreement that, in view of the condition contained in section 1331(a) (3) that “the last eight years of qualifying service” not include service “while a member of a regular component”, plaintiff must, in order to qualify for retired pay, rely upon the Reserve service he performed after 1959 to qualify.
Plaintiff again argues that since, under section 1331(a) (3), no part of his 3 years and 13 days of service as an enlisted man can be included in “the last eight years of qualifying service while a member of any category named in section 1332(a)(1)”, then such entire 3 years and 13 days should also be deducted from the computation of such section 1332 (a) (1) years of service applicable to his situation. There is agreement that when plaintiff attained age 55 and was then subject to the transfer or discharge provisions of Public Law 85-861, he had, under section 1332, 21 years and 4 months of service which were categorized as countable “years of service” in determining his entitlement to retired pay. This included his 1950-1953 service as an enlisted man, since section 1332(a) (2) (A) (i) gives credit for “active service” after July 1, 1949. If such 3 years and 13 days of service as an enlisted man is deducted from the 21 years and 4 months computation under section 1332, plaintiff would then be left with over 18, but less than 19 years of service. This, says plaintiff, would place him within the provisions of section 1006(a), which, as shown, requires the retention in active status of a Reserve commissioned officer with at least 18, but less than 19, years of such service until he completes 20 years of creditable service under section 1332 (or until the third anniversary of his removal date, whichever is earlier). Plaintiff says he was retained in the service, did perform additional service sufficient to make up 20 years, and therefore became qualified for retired pay when he reached age 60.
Defendant, however, disputes the propriety of deducting the 3 years, 13 days of enlisted service from the section 1332 computation. It points to the aforementioned specific inclusion of “active service” in such section. Simply because *612 such service happens to fall within the “last eight years” referred to in section 1331, says defendant, is no reason to exclude it from the total “years of service” section 1332 computation. Since it is not to be deducted, defendant argues, plaintiff cannot then take advantage of the provisions of section 1006(a) because of that section’s requirement that an officer with at least 18 years shall have “less than 19 years of service computed under section 1332” to obtain its benefits. Without the deduction, plaintiff would have more than 19 such years (i.e., 21 years and 4 months). Thus, defendant says, plaintiff’s failure to qualify for the benefits of section 1006(a) necessitated his transfer .at age 55 to the Retired Reserve in accordance with the provisions of section 21(b) of Public Law 85-861. Since, under this reasoning, plaintiff’s transfer to the Retired Reserve was mandatory under Public Law 85-861 at age 55, the additional Reserve service he performed thereafter should not have been so performed as a member of the Active Reserve and therefore cannot be counted to make up the deficiency plaintiff had in his “last eight years” prior to age 55.
Defendant concedes that the Secretary of the Army had the power, under still another statute, 10 U.S.C. § 1003 (1958 ed.), to retain in an active status “[A] reserve officer who has passed the maximum age prescribed for his grade and classification”, and that had plaintiff been so retained, his subsequent service after age 55 would constitute countable qualifying time and would be sufficient to make his “last eight years” be all comprised of the necessary Reserve service, thus qualifying him for retired pay when he would reach age 60. However, defendant contends that what happened here did not constitute a retention under said section 1003. Plaintiff’s retention, defendant argues, simply 'amounted to a deferred transfer to the Retired Reserve under Public Law 85-861, pursuant to plaintiff’s request that no action be taken to remove him from Active Reserve status until his service record could be reviewed and a decision made on his contention that he was, as an 18-year man, entitled to remain in active status in order to complete 20 years of service. Section 1003, defendant argues, “clearly requires an active affirmative action, rather than a passive act or an administrative determination, to continue plaintiff on *613 the rolls on a temporary basis”, and “that ‘no action to remove’ is” not “tantamount to ‘retain’ as provided in § 1003.” (Defendant’s brief, p. 9.)
On this record, it is apparent that no determination need be made of the question presented as to whether, under such circumstances as are here present, service in a regular component during a Eeserve officer’s last 8 years, which service would, under section 1331, prevent entitlement to retired pay, must also be excluded from the section 1332 computation of “years of service” so that retention under section 1006 as an 18-year man becomes mandatory. This is so because, regardless of that aspect of the case, it seems plain that plaintiff was in fact affirmatively retained in the Active Eeserve after age 55 and that, in view of the powers vested in the Secretary of the Army under section 1003, there was nothing illegal or inadvertent about such retention. Accordingly plaintiff, having been properly retained, and having duly performed additional service after age 55 sufficient to comply with the 8-year requirement before he was transferred to the Eetired Eeserve, met, when he attained age 60, all the requirements for entitlement to retired pay under sections 1331 and 1332.
Defendant’s contention that the decision made by the Army to take “no action to remove” plaintiff from active status is not “tantamount to ‘retain’ as provided in § 1003”, and that it merely constituted “a passive act” rather than “active affirmative action”, cannot be accepted. It is difficult indeed to conclude that defendant’s action was not, as defendant says, “tantamount to ‘retain’ ” when the Army’s letter of August 19, 1960, was specifically headed “Detention in an Active Status.” And the further statement that “No action will 'be taken to remove you from an active status pending further instructions from Department of the Army” was certainly an affirmative decision to retain plaintiff in an active status. This is, furthermore, equally true of the Army’s second letter of September 30, 1960, also headed “Detention in the Active Eeserve”, which advised that competent authority “has directed that no action be taken to transfer you to the Eetired Eeserve until a final determination has been made” and that “ [ Y] ou may continue to attend meetings with your units of assignment and attachment until further notice.” Plainly, these were not “passive” or in *614 any sense inadvertent administrative' decisions. Instead, they constituted affirmative acts of retention in the Active Reserve.
Furthermore, the subsequent orders issued, under competent authority, ordering plaintiff to tours of active duty, fortify the conclusion that defendant knew what it was doing and was fully conscious of the import of the decision it had made to retain plaintiff in an active status. It hardly seems fair to arrive deliberately at a decision to retain plaintiff in the Active Reserve, to advise him that he could continue to function in such an active capacity, and actually to order him to tours of active duty, which he satisfactorily performed, and then in effect take the position that, although the Secretary had the power to do all of this under section 1003, what was done does not, 'because it was not specifically labeled as action taken under such section, qualify as such Secretarial action, with the result that plaintiff receives no qualifying credit at all for such additional time spent in the Active Reserve or for the actual Reserve duty he performed during such time. As a result of the considered action of competent authority, and in the language of section 1003, plaintiff, “[A] reserve officer who had passed the maximum age prescribed for his grade and classification”, was “retained in * * * an active status”. Section 1003 says the Secretary “may” take such action. Thus, what was done in the instant case falls squarely within the provisions of section 1003. Certainly, where there is a lawful basis for action, the usual presumption of legality attaching to official acts should prevail. Cf. Grahl v. United States, 167 Ct. Cl. 80, 336 F. 2d 199 (1964), where the court also refused to hold invalid a Reserve officer’s retention on active service after he had passed the age limit otherwise applicable since the Secretary of the Army had, by statute, discretionary power to retain such officers on active duty and there was no showing of any irregularity on the part of the officers “at the appropriate administrative level” who made “the decision to retain” (167 Ct. Cl. at 90). “The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.” United States v. Chemical Foundation, Inc., 272 U.S. 1, 14 (1926). Under *615 defendant’s view, all the acts the Army here took to retain plaintiff and to order him to active duty were illegal and therefore nugatory, despite the fact that the Secretary did have the actual power to take such action. However, as the court said in Cooper v. O’Connor, 99 F. 2d 135, 139 (D.C. Cir. 1938), cert. denied, 305 U.S. 643 (1938), there is a “presumption that a public officer acts within the authority conferred upon him and in accordance therewith.”[5] Thus, the situation is different than it would be were there no statutory basis of support for the action taken, such as, for instance, was the case in Abt v. United States, 140 Ct. Cl. 205 (1959).
The question, which defendant poses, of whether service performed subsequent to a required removal date (for age or other reasons), may nevertheless be credited in determining retirement eligibility where the officer’s retention in an active Keserve status beyond the date he should have been removed was attributable to inadvertence or administrative oversight or error, need not here be determined.[6] As hereinabove set forth, the record in this case (entirely stipulated) is wholly insufficient to establish retention by inadvertence or admin *616 istrative oversight. When plaintiff was ultimately transferred to the Retired Reserve in 1962 shortly after he reached age 58 there was, for instance, no reference in connection therewith to administrative oversight or error in not having transferred him 3 years earlier when he was 55 years of age, or any attempt to transfer him retroactively or to change his records so as to nullify his post-age-55 service insofar as such service contributed to “qualifying” years of service for retirement purposes.
For the reasons indicated plaintiff, prior to his 60th birthday, fully qualified, under the provisions of 10 TJ.S.'C. §§ 1331 and 1332, for retired pay to commence at age 60, and judgment should be rendered for such pay in accordance with such provisions commencing from the time plaintiff reached age 60, the amount of the recovery to be determined pursuant to Rule 47 (c) (2).
Fiutdings on Fact
1. Plaintiff was born on February 9, 1904. He was commissioned in the Organized Reserve Corps of the United States Army on September 10, 1926. This commission has remained continuously in effect throughout all the periods herein involved and up to the present time.
2. Plaintiff served as a Reserve officer on active duty from September 10,1926 to April 13,1931.
3. Plaintiff served as a Reserve officer on inactive duty from April 13,1931 to May 29,1942.
4. (a) Plaintiff again served as a Reserve officer on active duty from May 30,1942 to March 20,1950.
(b) As of March 20,1950, plaintiff had 12 years, 3 months, and 25 days of qualifying service toward retirement.
5. Plaintiff enlisted in the Regular Army and served as an enlisted man from March 21, 1950 to April 2, 19'53, i.e., 3 years and 13 days. During this period he retained his Reserve commission.
6. On September 10, 1954, plaintiff had 28 years of service as is provided in 10 U.S.C. §§ 3848 and 3853.
7. Plaintiff attained age 55 on February 9, 1959. As of such date plaintiff had 32 years creditable for basic pay pur *617 poses. In addition, except for such effect as plaintiff’s service on active duty as an enlisted man of the Regular Army had thereon, plaintiff also had 21 years and 4 months of service which could be considered as “qualifying years” for retirement under 10 U.S.C. §§ 1331 and 1332. The parties have agreed that the last 6 years, 3 months, and 17 days prior to February 9, 1959, constituted Reserve service as required by 10 U.S.C. § 1331(a) (3) and that plaintiff, therefore, needed 1 year, 8 months, and 13 days of additional Reserve time to attain the “last eight years of qualifying service” required by section 1331(a) (3).
8. By letter of July 28,1960, plaintiff was advised by the Department of the Army that he had attained the maximum age for retention on an active status on February 9, 1959 (his 55th birthday) and that it would be necessary for him to choose whether he wished to be transferred to the Retired Reserve or to be discharged from his Reserve commission. He was further advised that as of February 9, 1959, he had completed over 20 years of qualifying service under 10 U.S.C. § 1332 but had less than 8 years of qualifying service as provided in 10 U.S.C. § 1331(a) (3), that he was not eligible for retention under 10 U.S.C. § 1006, and would not be eligible for retired pay upon attaining age 60.
9. (a) On August 17, 1960, plaintiff responded to defendant’s letter of July 28, 1960, and protested the Army’s proposed action to remove him from the Active Reserve “under conditions which will mate me ineligible for retired pay at age 60.” Plaintiff claimed entitlement to remain on an active status to complete 20 years of satisfactory service. Plaintiff stated the Army’s “proposed action is based on my having completed over 20 years of qualifying service, which I believe is an incorrect assumption.” He accordingly requested “that no action be taken to remove me from Active Reserve status until my service record has been reviewed.” Plaintiff claimed that his 3 years of Regular Army service were not countable as qualifying years, which would leave him with more than 18, but less than 19 years, thereby entitling him to retention in order to complete his 20 years and to meet the requirement that he serve the last 8 years of qualifying service in a Reserve component.
*618 (b) By letter of August 19, 1960, beaded “Retention in an Active Status”, the Department of the Army, by the Adjutant General, advised plaintiff that “no action will be taken to remove you from active status pending further instructions from Department of the Army.”
(c) By letter of September 30, 1960, from the Assistant Adjutant General, headed “Retention in the Active Reserve”, plaintiff was further advised that the Deputy Assistant Secretary of the Army had “directed that no action be taken to transfer you to the Retired Reserve until a final determination has been made” and that “you may continue to attend meetings with your units of assignment and attachment until further notice.”
10. After February 9, 1959, plaintiff participated in Reserve activities including, for each of the next 2 years, tours of active duty, performed under competent orders. All of such activities performed while in the Active Reserve during such period were sufficient to meet the requirements of a qualified year for each of such 2 years. These activities included the following: (a) on August 9, 1960, plaintiff was detailed as a member of a Promotion Selection Board which was convened at Fort Devens, Massachusetts; and (b) on June 28, 1961, plaintiff was ordered to active duty for training at Fort Devens, Massachusetts. If all of such activities are considered to constitute creditable or qualifying service, they would be more than sufficient to supply the additional 1 year, 8 months, and 13 days of time plaintiff required, as set forth in finding 7. Plaintiff’s official “Statement of Reserve Service” maintained by the Army showed that from July 1, 1959 to June 30, 1960, plaintiff’s total service was sufficient to comprise a qualifying year, as was his total service from July 1, 1960 to June 30, 1961, with plaintiff’s total “qualifying” years, including such 2 years, being set forth as 23 years, 7 months, and 4 days.
11. On March 13,1962, plaintiff, at the age of 58, was transferred to the Retired Reserve. At this time plaintiff held the grade of lieutenant colonel.
12. On October 18, 1963, plaintiff requested the Adjutant General to forward to him the forms for application for retired pay benefits, when he would attain the age of 60, *619 under tbe provisions of 10 U.S.C. § 1331. He was advised on November 15, 1963, however, that: “Tbe records show that you have completed over 20 years of qualifying service under title 10, United States Code, section 1332, but less than 8 years of qualifying service under section 1331(a)(3)”, and that although “you were retained in an active status* beyond your mandatory removal date, pending a decision on your case”, the “service you performed beyond the date you should have been removed from an active status cannot be credited towards your eligibility for retirement credit or pay.” Accordingly, the application forms were not sent to him since “In view of the above, it would serve no useful purpose for you to file an application, as you will not be eligible for retired pay upon attaining age 60.”
The parties are in agreement that plaintiff must rely upon the service he performed after February 9, 1959 (plaintiff’s 55th birthday) to qualify for retirement. If such service is considered as creditable service, it would be more than sufficient to provide the 1 year, 8 months, and 13 days plaintiff needed as of February 9, 1959 (finding 7), and plaintiff will have in excess of 20 qualifying years for retirement. The parties have also agreed that in the event it is determined that plaintiff is entitled to recover, credit will, for the purpose of computing his retired pay, be given for the full period of his service as an enlisted man as this was concurrent with his commissioned Eeserve status.
13. Plaintiff attained age 60 on February 9,1964.
CoNclusioN or Law
Upon the foregoing findings of fact and opinion, which are adopted by the court and made a part of the judgment herein, the court concludes as a matter of law that plaintiff is entitled to recover and judgment is entered to that effect. The amount of recovery is reserved for further proceedings under Kule 47(c) (2).
In accordance with the opinion of the court and a memorandum report of the commissioner as to the amount due thereunder, it was ordered on September 22,1967, that judgment for the plaintiff be entered for $11,358.95.

The opinion, findings of fact, and recommended conclusion of law are submitted under the order of reference and Rule 57 (a).

 Section 21(b) of Public Law 85-861 (72 Stat. 1437-, 1500, September 2, 1958) (set forth in “Historical and Revision Notes” to 10. U.S.C. § 3843, 1958 ed.) provided in part:
“(b) Before July 2, 1960, each officer of the Army in the reserve grade of lieutenant colonel who has not been recommended for promotion to the reserve grade of colonel or has not remained in an active status since such a recommendation, and each officer of the Army in a reserve grade below lieutenant *607 colonel, shall, on the last day of the month In which he becomes 55 years of age—
(1) be transferred to the Retired Reserve, If he Is qualified and applies therefor; or
(2) If he Is not qualified or does not apply therefor, be discharged.”

 Said 10 Ü.S.C. S 1331 (1958 ed.) provided In part as follows:
“§ 1331. Age and service requirements.
(a) Except as provided In subsection (c), a person Is entitled, upon application, to retired pay computed under section 1401 of this title, If—
(1) he is at least 60 years of age;
(2) he has performed at least 20 years of service computed under section 1332 of this title; * *
Plaintiff was credited with over 20 years of service under the following provisions of 10 Ü.S.C. § 1332 (1958 ed.) :
“§ 1332. Computation of years of service In determining entitlement to retired pay.
(a) Except as provided in subsection (b), for the purpose of determining whether a person is entitled to retired pay under section 1331 of this title, his years of service are computed by adding—
(1) his years of service, before July 1,1949, in—
(A)the armed forces;
(2) each one-year period, after July 1, 1949, in which he has been credited with at least 50 points on the following basis—
(A) one point for each day of—
(1) active service;
*****
(B) one point for each attendance at a drill or period of equivalent instruction that was prescribed for that year by the Secretary * * *
(C) points at the rate of 15 a year for membership in a reserve component * * *.
(b) The following service may not be counted under subsection (a).:
(1) Service (other than active service) in an inactive section of the Organized Reserve Corps or of the Army Reserve * *
The total with which plaintiff was credited under these provisions was 21 years and 4 months.

 Said subsection (a)(3) provided:
“(3) he performed the last eight years of qualifying service while a member of any category named in section 1332(a) (1) of this title, but not while a member of a regular component * *

 The pertinent provisions are as follows :
“§ 1006. Commissioned officers: retention of after completing 18 or more, but less than 20, years of service.
(a) If on the date prescribed for the discharge or transfer from an active status of a reserve commissioned officer he is entitled to be credited with at least 18, but lesB than 19, years of service computed under section 1332 of this *609 title, he may not be discharged- or transferred from an active status under chapter 337, 361, 363, 573, 837, 861, or 863 of this title without his consent before the earlier of the following dates—
(1) the date on which he is entitled to be credited with 20 years of service computed under section 1332 of this title; or
(2) the third anniversary of the date on which he would otherwise be discharged or transferred from an active status.
(b) If on the date prescribed for the discharge or transfer from an active status of a reserve commissioned officer he is entitled to be credited with at least 19, but less than 20, years of service computed under section 1332 of this title, he may not be discharged or transferred from an active status under chapter 337, 361, 363, 573, 837, 861, or 863 of this title without his consent before the earlier of the following dates — ■
(1) the date on which he is entitled to be credited with 20 years of service computed under section 1332 of this title; or
(2) the second anniversary of the date on which he would otherwise be discharged or transferred from an active status.”

 Defendant says that even If plaintiff were considered as an 18-year man and thus entitled to the mandatory retention benefits of § 1006(a), he would have been faced with a transfer to the Retired Reserve or a discharge anyway on July 1, 1960 under 10 TT.S.C. § 3848 (1958 ed.), which provides that after July 1, 1960, a Reserve officer in the grade of lieutenant colonel should be so transferred or discharged when he completes 28 years of service computed under 10 U.S.C. § 3853. Under the computation formula therein contained, plaintiff had completed 28 years of service on September 10, 1954. Thus, even with the additional time he would have accumulated, by the cut-off date of July 2, 1960, he would still be approximately 4 months short of having a total of 20 Qualifying years.
However, defendant concedes that section 5 of Public Law 86 — 5:59, enacted June 30, 196:0 (T4 Stat. 273, and set forth in Notes to 10 U.S.C. § 3853 (1964 ed.)), also permits deferment in such situations to allow completion of 20 years of service computed under section 1332 if such completion can be effected prior to age 60. Thus, transfer or discharge was not, without exception, absolutely mandatory under the 28-year, July 1, 1960 provisions of sections 3848 and 3853, any more than it was under the age 5:5 provisions of section 21 (b) of Public Law 85-861.

 The Comptroller General held, in 1961, that where an officer is, through administrative oversight, retained in an active Reserve status beyond the time he should have been removed therefrom under the provisions of the Reserve Officer Personnel Act of 1954 (as amended and codified in 10 U.S.C., Chapter 363, comprising § § 3841-3854, including § 3843, which sets forth section 2,1 of Public Law S5 — 861, the provision herein applicable, which act is sometimes referred to as ROPA), services performed subsequent to the required date of removal may not be credited in determining retirement eligibility under 10 U.S.C. § 1332. 41 Comp. Gen. 375.